# Exhibit 1-3

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2023LA000709
Filed Date: 10/6/2023 12:59 PM
Envelope: 24686590
Clerk: GMA

**IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

| | | |
|---|---|---|
| DR. JESSE M. LANG AND ELIZABETH M. MOONEY,<br><br>Plaintiff,<br><br>v.<br><br>ELLIOT MARTINEZ, JONATHAN FARRIS, INSPIRING ELITES LLC, AY ENTERPRISES LLC, SIMUL HEALTH LLC, and SIMUL HEALTH ILLINOIS LLC,<br><br>Defendants. | ) | 2023LA000709 |

## COMPLAINT

DR. JESSE M. LANG ("Lang") and ELIZABETH M. MOONEY ("Mooney"), by their undersigned counsel and complaining of Defendants ELLIOT MARTINEZ ("Martinez"), JONATHAN FARRIS ("Farris"), INSPIRING ELITES LLC ("IELLC"), AY ENTERPRISES LLC ("AYELLC"), SIMUL HEALTH LLC ("SHLLC"), and SIMUL HEALTH ILLINOIS LLC ("SHILL"), and hereby state and allege as follows:

## BACKGROUND

1. DR. JESSE M. LANG ("Lang") is a citizen of the State of Illinois, residing at all times relevant hereto in the State of Illinois and maintaining his principal place of business in Shorewood, Illinois.

2. ELIZABETH M. MOONEY ("Mooney") is a citizen of the State of Illinois, residing at all times relevant hereto in the State of Illinois.

Initial case management set for 1/24/2023 at 9:00 a.m. room 905



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

3. ELLIOT MARTINEZ ("Martinez") is a citizen of the State of Florida, residing at all times relevant hereto in the State of Florida.

4. JONATHAN FARRIS ("Farris") is a citizen of the State of Florida, residing at all times relevant hereto in the State of Florida.

5. INSPIRING ELITES LLC ("IELLC") is a Florida Limited Liability Company with its principal place of business in the State of Florida.

6. AY ENTERPRISES LLC ("AYELLC") is Wyoming Limited Liability Company with its principal place of business in the State of Florida.

7. SIMUL HEALTH LLC ("SHLLC") is a Delaware Limited Liability Company with its principal place of business in the State of Florida.

8. SIMUL HEALTH ILLINOIS LLC ("SHILLC") is a Delaware Limited Liability Company with its principal place of business in the State of Illinois.

9. The sole member of IELLC is Martinez.

10. The sole member of AYELLC is Farris.

11. IELLC and AYELLC are the Managers of SHLLC.

12. Martinez and Farris represented to Lang and Mooney that the members of SHLLC, at all times relevant hereto, included the following:

- IELLC, a voting member, Martinez's company and one of the SHLLC Managers;
- AYELLC, a voting member, Farris' company and one of the SHLLC Managers;
- THE ONE INITIATIVE LLC, a voting member and a Florida Limited Liability Company, also owned and managed by Farris;
- MORE THAN LIFE LLC, a non-voting member and a Florida Limited Liability Company, managed by Michael Clark;



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

- J.E.W. INVESTMENTS, LLC, a non-voting member and a Florida Limited Liability Company, managed by Emilie Wilbanks;
- DRIVEN BY GRACE LLC, a non-voting member and a Florida Limited Liability Company managed by Josias Gonzalez;
- DR. CARMEN ROMANO, a non-voting member and a New Jersey citizen;
- APBIII LLC, a non-voting member and a Tennessee Limited Liability Company, managed by Dr. Alexander Paul Bass III;
- ROSE SMITLEY, a non-voting member and a Florida citizen;
- JAYME R. MATCHINSKI, a non-voting member and an Illinois citizen; and
- JONATHAN A. MOORE, a non-voting member and a Florida citizen.

13. The agreements which are the subject matter of this complaint were executed by or on behalf of the defendants herein with the knowledge that the signatories included Illinois consumers and that the alleged purpose of these agreements was to effectuate certain business dealings within the State of Illinois.

14. THE LIMITED LIABILITY COMPANY AGREEMENT AMONG SIMUL HEALTH LLC AND THE MEMBERS NAMED HEREIN DATED AS OF MAY 2, 2022, identifies the aforesaid as members of SHLLC and further confirms that the "Class A" Members (including IELLC, AYELLC, and THE ONE INITIATIVE LLC) contributed a total of $79.00 in Capital while the remaining "Class B" Members contributed nothing in Capital for their Units. *See* Exhibit One ("SHLLC Operating Agreement").

15. The SHLLC Operating Agreement provided for a total of 10,000,000 Units to be issued to the holders of Class A and Class B membership, as follows:

§3.02. Issuance of Class A Units. The Company hereby issues 7,900,000 Class A Units to



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

the Members in the amounts set forth on the Members Schedule.

§3.03. Authorization and Issuance of Class B Units. The Company hereby issues 2,100,000 Class B Units to the Members in the amounts set forth on the Members Schedule. *Id.*

16. The SHLLC Operating Agreement further provided for Class A Units to be the only voting units, with Class B Units specifically identified as non-voting. *Id.*, at §4.07.

17. SHLLC was thus controlled by Elliot and Farris, through their ownership in three Florida Limited Liability Companies which both managed SHLLC and held all of the voting Units therein.

18. Over the course of calendar year 2022, Martinez met with Lang and Mooney and represented to them that SHLLC was "evaluat[ing] a possible acquisition of Shorewood Elite Healthcare" (an Illinois chiropractic business owned by Lang) and "a possible entry in to a managed services agreement or similar agreement between [another 'Simul Health party']." *See* Exhibit Two (Simul/Lang Non-Disclosure Agreement).

19. Martinez further claimed that "Simul Health operate[d] an expanding chiropractic services business and that Simul Health may [thus] have operations, concepts, ideas, technology, customers, users or targets similar or identical to those in which [Shorewood Elite Healthcare was] involved." *Id.*

20. Martinez further represented to Lang and Mooney that SHLLC had established itself as the managing owner of a nationwide structure, providing Chiropractic services to an expanding base of patients, which they wanted to develop in Illinois with Lang.

21. Lang and Mooney were solicited, in turn, to purchase 1% of SHLLC, for its



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

supposed par value of $80,000.00, and to enter into agreements with a new company, SHILL, which would ostensibly take over Lang's existing chiropractic business in Illinois, retaining him as part owner (with SHLLC), and as an employee of the new enterprise.

22. Lang and Mooney paid the sum of $80,000.00 to Martinez, who accepted the same ostensibly on behalf of SHLLC and in exchange for a 1% interest in SHLLC, and who then provided Lang and Mooney with draft agreements to review for the new SHILL business, encouraging them to execute the same as soon as possible so that the company could get going on its new business plan in Illinois.

23. Lang was provided with a series of revisions to the documents for SHILL, at least in part because of concerns with what steps needed to be taken to ensure compliance with the Illinois Corporate Practice of Medicine Doctrine, and Lang and Mooney, following their repeated requests, were provided with additional documentation about SHLLC and SHILL in the process.

24. Contrary to Martinez's claim that they were purchasing a 1% interest in SHLLC, with the promise of an additional 5% interest in SHILL, Lang and Mooney eventually obtained a copy of the aforesaid SHLLC Operating Agreement, through which they discovered that what they had been given was a document which, at best, memorialized a 1% stake in IELLC, the entity through which Martinez held his interest in SHLLC and that SHLLC was otherwise not the company Martinez and Farris had claimed.

25. Most notably, it turned out to be far from true that the 1% interest in SHLLC they purchased was worth at least $80,000.00 if not closer to $240,000.00 (they had been told that the company was worth at least $8 million and were later told, in the course of work on the SHILL



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

documents, that the value of their 1% later "tripled in value" such that the total value of the company was supposedly nearing $240,000.00).

26. Instead, it turned out that they had been given a 1% stake in IELLC's interest in SHLLC, which had a value of maybe 1% of $67.00 or 67 cents.

27. The supposed "owners" of SHLLC, including IELLC, AYELLC and others, turned out to include entities which were not in fact qualified investors and people who, on information and belief, did not even know they were being passed off as supposedly invested in the "Simul Health" business.

28. Martinez's representations about other Simul Health practices being developed in other states turned out to be false, as did his claims about how much capital and professional expertise had been invested in the business.

29. A background check confirmed, in turn, that Martinez was not an "experienced entrepreneur" with a "million dollar company" which had handled "more than $200 million in [real estate] transactions," as he had claimed in interviews, but was instead a former leasing agent working for $14 an hour at an apartment complex whose website used stock photography from the Netherlands to provide supposed examples of his real estate work and who had been the defendant in a number of collection cases brought by credit card companies and others.

30. Lang and Mooney demanded that Martinez return the money they had paid in to the Simul Health business enterprise under false pretenses and Martinez offered nothing more than a promissory note after supposedly consulting with his "other investors."

31. Farris, Martinez's co-owner in the SHLLC business, repeatedly stood by Martinez, misrepresenting his involvement in discussions with Lang and Mooney and otherwise



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

reassuring them that they could rely upon what Martinez was telling them.

32. On information and belief, Farris and Martinez used the funds solicited from Lang and Mooney, in part, for personal expenses and, in part, to provide partial payments to the law firm they retained to craft the SHILL registration in Delaware and SHILL agreements for use in the State of Illinois.

33. The lawyers they retained were DAVID R. BROWN ("Brown") and APRIL) SCHWEITZER ("Schweitzer"), who are named as Respondents in Discovery herein.

34. Brown and Schweitzer incurred as much as $150,000.00 in professional fees for the legal work they did on behalf of Martinez, Farris, and their business entities only a portion of which was ever paid.

35. Martinez and Farris had asked Lang and Mooney to execute documents which they later discovered Martinez was using to try and access their line of credit and other assets, resources which he and Farris could have then used to pay Brown and Schweitzer and/or other creditors to further cover up the lack of investment which he and Farris actually had in SHLLC or SHILL.

36. Farris and Martinez both took part in the conspiracy alleged herein and both took steps in active furtherance of the same.

37. Farris and Martinez owned a controlling interest in SHLLC and SHILL through the Limited Liability Companies they had established for that purpose.

**COUNT ONE: FOR VIOLATIONS OF 815 ILCS 5/12, ET SEQ.**

1-37. Lang and Mooney hereby incorporate Background ¶¶1-37 as ¶¶1-37 of this Count One as if fully set forth herein.



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

38. 815 ILCS 5/12 provides, in part, that "[i]t shall be a violation of the provisions of this Act for any person:

"(F) *** To engage in any transaction, practice or course of business in connection with the sale or purchase of securities which works or tends to work a fraud or deceit upon the purchaser or seller thereof.

"(G) To obtain money or property through the sale of securities by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading. ***

"(I) To employ any device, scheme or artifice to defraud in connection with the sale or purchase of any security, directly or indirectly." *Id.*

39. Martinez and Farris, in their individual and said representative capacities, made the aforesaid misstatements and/or omissions of material fact in representations they made to the plaintiffs herein, in connection with the purchase and sale of the aforesaid securities, with the intent that plaintiffs Lang and Mooney would rely upon the same to their detriment.

40. Lang and Mooney did in fact rely upon the misstatements and omissions provided to them by Martinez and Farris, and would not have given them the aforesaid sum of $80,000.00 or otherwise invested the time and resources they did into the SHILL business enterprise.

41. Lang and Mooney thus incurred damages in excess of $80,000.00, together with attorneys fees and other damages as the direct and proximate result of Martinez's and Farris' conduct as aforesaid.

WHEREFORE, DR. JESSE M. LANG ("Lang") and ELIZABETH M. MOONEY



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

("Mooney"), by their undersigned counsel and complaining of Defendants ELLIOT MARTINEZ ("Martinez") and JONATHAN FARRIS ("Farris"), respectfully request that judgment be entered in favor of Lang and Mooney and as against Martinez and Farris, jointly and severally, in such amount as the trier of facts deems just and proper, in excess of the jurisdictional threshold of $50,000.00, their attorneys fees and costs, interest pursuant to statute, and such additional relief as the Court deems just and proper or to which they are otherwise entitled as a matter of law.

**COUNT TWO: FOR FRAUDULENT MISREPRESENTATION**

1-41. Lang and Mooney hereby incorporate ¶¶1-41 of Count One as ¶¶1-41 of this Count Two as if fully set forth herein.

42. The aforesaid conduct, representations and omissions by Martinez and Farris constitute fraudulent misrepresentation under the applicable law.

43. Said defendants conduct having been wilful and wanton, Lang and Mooney should be granted punitive damages in addition to the actual damages they incurred by virtue of the aforesaid.

WHEREFORE, DR. JESSE M. LANG ("Lang") and ELIZABETH M. MOONEY ("Mooney"), by their undersigned counsel and complaining of Defendants ELLIOT MARTINEZ ("Martinez") and JONATHAN FARRIS ("Farris"), respectfully request that judgment be entered in favor of Lang and Mooney and as against Martinez and Farris, jointly and severally, in such amount as the trier of facts deems just and proper, in excess of the jurisdictional threshold of $50,000.00, together with punitive damages as allowable by statute, their attorneys fees and costs, interest pursuant to statute, and such additional relief as the Court deems just and proper or to which they are otherwise entitled as a matter of law.



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

## COUNT THREE: FOR RESCISSION

1-43. Lang and Mooney hereby incorporate ¶¶1-43 of Count Two as ¶¶1-43 of this Count Three as if fully set forth herein.

44. The equitable remedy of rescission should be granted in the case, on the basis of the aforesaid fraud and misrepresentation, as the defendants' conduct involved statements of material fact made to induce Lang and Mooney to act, which the defendants knew to false but which Lang and Mooney reasonably believed to be true and thus relied thereon, causing them to incur damages as aforesaid.

45. The putative agreement for Lang and Mooney to purchase Units in the business(es) owned by Martinez and Farris should thus be rescinded and Lang and Mooney granted recovery of the funds they paid in, together with interest pursuant to statute.

WHEREFORE, DR. JESSE M. LANG ("Lang") and ELIZABETH M. MOONEY ("Mooney"), by their undersigned counsel and complaining of Defendants ELLIOT MARTINEZ ("Martinez") and JONATHAN FARRIS ("Farris"), respectfully request that this Court find that the agreements with regard to Lang's and Mooney's purchase of Units in the business controlled by Martinez and Farris should be rescinded, with judgment entered in favor of Lang and Mooney and as against Martinez and Farris, jointly and severally, in such amount as the trier of facts deems just and proper, in excess of the jurisdictional threshold of $50,000.00, together with exemplary damages and their attorneys fees and costs, interest pursuant to statute, and such additional relief as the Court deems just and proper or to which they are otherwise entitled as a matter of law.



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

**COUNT FOUR: FOR CONSTRUCTIVE TRUST**

1-45. Lang and Mooney hereby incorporate ¶¶1-45 of Count Three as ¶¶1-45 of this Count Four as if fully set forth herein.

46. Martinez and Farris, as aforesaid, controlled both SHILL and SHLLC through a complicated structure of business entities and agreements which, on information and belief, served to serve no legitimate business purpose than to shield Martinez and Farris from liability and/or serve as a shelter for assets they realized through the aforesaid fraudulent scheme.

47. The "Martinez-Farris Entities" thus included IELLC, AYELLC, THE ONE INITIATIVE LLC, SHLLC, and SHILL

48. The Martinez-Farris Entities did not have any assets, during the period relevant hereto, beyond the $67.00 referenced in the SHLLC Operating Agreement, and the only other assets otherwise realized by these entities during this period, would have necessarily come from the funds contributed by Lang and Mooney.

49. The Martinez-Farris Entities, to the extent they have any identifiable assets whatsoever, should thus be found to hold such assets in Constructive Trust for the benefit of the plaintiffs herein.

50. Martinez and Farris having exercised full and complete control over the Martinez-Farris Entities at all times relevant hereto should be held to constitute Constructive Trustees over such assets and should be required, in turn, to hold the same for the benefit of the plaintiffs herein.

WHEREFORE, DR. JESSE M. LANG ("Lang") and ELIZABETH M. MOONEY ("Mooney"), by their undersigned counsel and complaining of Defendants ELLIOT MARTINEZ



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777

("Martinez"), JONATHAN FARRIS ("Farris"), INSPIRING ELITES LLC ("IELLC"), AY ENTERPRISES LLC ("AYELLC"), SIMUL HEALTH LLC ("SHLLC"), and SIMUL HEALTH ILLINOIS LLC ("SHILL"), request that this Court find that IELLC, AYELLC, SHLLC and SHILL (collectively the "Martinez-Farris Entities") should be found to hold whatever assets they may have in Constructive Trust for the benefit of the plaintiffs herein, the same to be subject to such disposition as the Court deems just and proper in the course of these proceedings. Plaintiffs further request, for the reasons stated, that this Court find that the agreements with regard to Lang's and Mooney's purchase of Units in the business controlled by Martinez and Farris should be rescinded, with judgment entered in favor of Lang and Mooney and as against Martinez and Farris, jointly and severally, in such amount as the trier of facts deems just and proper, in excess of the jurisdictional threshold of $50,000.00, together with exemplary damages and their attorneys fees and costs, interest pursuant to statute, and such additional relief as the Court deems just and proper or to which they are otherwise entitled as a matter of law.

Respectfully submitted,

DR. JESSE M. LANG and ELIZABETH M. MOONEY,

By: /s/ Ted A. Donner
One of Their Attorneys

Ted A. Donner
Melissa M. Piwowar
DONNER & COMPANY LAW OFFICES LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
(630) 588-1131
*tdonner@donnerco.com*
*mpiwowar@donnerco.com*



REQUEST RECEIVED ON-SCOTTWIBLE@LIVE.COM-08/03/2026 01:18:41 PM DOCUMENT SUPPLIED ON 08/05/2026 10:07:02 AM # 17197267777